UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JEFFREY WEBER
1029 Main Street, Apt. 9
Horicon, Wisconsin 53032

   Plaintiff,          Case No.: 18-cv-2008

  v.              **JURY TRIAL DEMANDED**

WASTE MANAGEMENT OF WISCONSIN, INC.
1001 Fannin Street, Suite 4000
Houston, Texas 77002

   Defendant

## COMPLAINT

COMES NOW Plaintiff, Jeffrey Weber, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Eastern District of Wisconsin, Defendant resides and/or operate its businesses

in the Eastern District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Jeffrey Weber, is an adult male resident of the State of Wisconsin with a post office address of 1029 Main Street, Apartment 9, Horicon, Wisconsin 53032.

5. Defendant, Waste Management of Wisconsin, Inc., was, at all material times herein, a commercial entity with a principal address of 1001 Fannin Street, Suite 4000, Houston, Texas 77002.

6. Defendant is a comprehensive waste and environmental services provider.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. In approximately early December 2017, Defendant hired Plaintiff into the position of Heavy Equipment Operator II / Travelling.

14. On or about November 14, 2018, Plaintiff's employment with Defendant ended.

15. Plaintiff held and performed compensable work in the position of Heavy Equipment Operator II / Travelling during the entirety of his employment with Defendant.

16. In the position of Heavy Equipment Operator II / Travelling with Defendant, Plaintiff's job duties and job responsibilities included: operating heavy equipment; performing manual labor; and performing duties related to safety management, training, and observation at Defendant's locations and facilities in the State of Wisconsin.

17. During Plaintiff's employment with Defendant, Plaintiff reported directly to Wayne Patterson, Safety Trainer.

18. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

19. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

20. During Plaintiff's employment with Defendant, Defendant's established workweek for FLSA and WWPCL purposes was Sunday through Saturday.

21. During Plaintiff's employment with Defendant, Plaintiff's normal and customary days of work were Mondays through Fridays.

22. During Plaintiff's employment with Defendant, Plaintiff performed compensable work in his Heavy Equipment Operator II / Travelling position on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge.

23. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff for work performed on a weekly via check.

24. During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked more than forty (40) hours per workweek.

25. During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked in excess of forty (40) hours per workweek in his Heavy Equipment Operator II / Travelling position on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge.

26. During Plaintiff's employment with Defendant, Plaintiff recorded his hours worked via Kronos, Defendant's electronic timekeeping system, and via separate, hard-copy "Payroll Expense Forms" in order to be compensated for his drive time during the work day.

27. During Plaintiff's employment with Defendant, and in addition to his normal and customary workweek of Monday through Friday, Plaintiff frequently and regularly performed compensable work on weekends: Saturdays and Sundays (hereinafter simply "weekends").

28. During Plaintiff's employment with Defendant, Plaintiff frequently and regularly performed at least one (1) to two (2) hours of work on weekends.

29. During Plaintiff's employment with Defendant, and in addition to his normal and customary workweek of Monday through Friday, Plaintiff frequently and regularly performed compensable work on weekends on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge – particularly at Patterson's direction and/or with Patterson's knowledge.

30. At times during Plaintiff's employment with Defendant, Defendant compensated Plaintiff for some, or a portion, of Plaintiff's hours worked or work performed on weekends.

31. During the majority of Plaintiff's employment with Defendant, Defendant did not compensate Plaintiff for all, or any, of his hours worked or work performed on weekends.

32. During Plaintiff's employment with Defendant, Defendant provided Plaintiff with a company-issued cell phone, which Plaintiff frequently and regularly used, including on weekends.

33. During Plaintiff's employment with Defendant, the hours worked and/or work performed by Plaintiff on weekends included, but was not limited to: performing safety-training related activities; reviewing and completing safety training modules via computer; reviewing weekly accident reports, either in hard-copy and/or via computer; watching and reviewing safety videos and safety alerts via computer; communicating with Patterson via computer (and Patterson's company-issued e-mail address) regarding work-related tasks, items, objectives, and/or duties; and communicating with Patterson – verbally, via text message, and/or via e-mail – on Plaintiff's company-issued cell phone regarding work-related tasks, items, objectives, and/or duties.

34. During Plaintiff's employment with Defendant, the hours worked and/or work performed by Plaintiff on weekends was an integral and indispensable part of his principal activities of his Heavy Equipment Operator II / Travelling position.

35. During Plaintiff's employment with Defendant, the hours worked and/or work performed by Plaintiff on weekends was in furtherance of the job duties and job responsibilities of his Heavy Equipment Operator II / Travelling position.

36. The hours worked and/or work performed by Plaintiff on weekends during his employment with Defendant was frequently and regularly performed hours worked in excess forty (40) in a workweek.

37. The hours worked and/or work performed by Plaintiff on weekends during his employment with Defendant was frequently and regularly performed an overtime rate of pay.

38. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or legally compensate him for all hours worked and/or work performed, including those hours worked in excess forty (40) in a workweek.

39. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him at an overtime rate of pay for all hours worked and/or work performed beyond forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

40. Defendant knew or should have known that, in accordance with the FLSA and WWPCL, it must compensate Plaintiff at an overtime rate of pay for all hours worked and/or work performed during workweeks when he performed compensable work in excess of forty (40) hours.

41. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

42. As a result of Defendant's unlawful failure to compensate Plaintiff with overtime pay for any and all hours worked beyond forty (40) hours in a workweek, Defendant owes Plaintiff a total monetary amount that remains to be determined, in addition to liquidated damages and attorneys' fees and costs.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

43. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

44. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

45. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

46. Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) during a workweek.

47. Defendant's failure to properly and legally compensate Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) in a workweek was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

48. Plaintiff is entitled to damages within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by

the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

49. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

50. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

51. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

52. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

53. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

54. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay.

55. During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked hours in excess of forty (40) per workweek, but Defendant failed to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

56. Defendant willfully violated the WWPCL by failing to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

57. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

58. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 21st day of December, 2018

            WALCHESKE & LUZI, LLC
            Counsel for Plaintiff

            **s/ *Scott S. Luzi***
            James A. Walcheske, State Bar No. 1065635
            Scott S. Luzi, State Bar No. 1067405
            David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com